(No. 3879—)

FARM BUREAU OIL CO., INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 17, 1945.*

JOHN S. GRIMES AND ALFRED A. KILTZ, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

FISHER, J.

Claimant filed its claim September 18, 1944, alleging therein that it is an Indiana corporation, and qualified, operating and doing business in the State of Illinois, and that the claimant corporation is a duly organized Pipe

Line Company engaged in the business of purchasing and gathering crude petroleum and has been so engaged since the year 1941; that, in compliance with the terms of an Act of the State of Illinois commonly known as the Oil Production Act, it deducted 3% of the value of all oil it gathered from production in the State of Illinois after June 30, 1941, and, that after deducting the 2% handling charge allowed to the claimant for making such collection and remittance, the claimant remitted the tax so collected to the State of Illinois. Claimant further alleges that the said Oil Production Act has been declared invalid by the Supreme Court of Illinois, and that claimant has remitted and paid to the State of Illinois, under and in compliance with the said Oil Production Act, the sum of $19,020.40.

Claimant asserts that by reason of the said Act being invalid there is due it from the State of Illinois the sum of $19,020.40 for tax money remitted by claimant to the Treasurer of the State of Illinois under said invalid Act.

The Attorney General, on behalf of respondent, presents a motion to dismiss the complaint, and, as the reason for said motion to dismiss, contends that:

(a) A sufficient cause of action at law or in equity is not stated.
(b) The claimant had an adequate remedy in the courts of general jurisdiction.
(c) Claim is based solely upon a tax voluntarily paid with a full knowledge of all the facts and the same cannot be recovered.

It is a well settled principle of law in this State that where a tax is paid voluntarily with a full knowledge of all the facts, it cannot be recovered in the absence of a statute to the contrary, even though a tax may be illegal or unconstitutional. Among a number of cases applying this principle is the case of *City of Oglesby* vs. *State,* 10 C. C. R. 694. It was also concluded in this case, after a full review, that where a full and complete statutory

remedy exists, such remedy shall be exhausted before recourse is had to the Court of Claims. The claimant herein had a complete remedy under the statutes of this State to protect its interests, which rights it failed to exercise. Having so failed to exercise its rights, it cannot contend that the tax was paid involuntarily. We have consistently held, that where an adequate remedy exists in the courts of general jurisdiction the Court of Claims has no jurisdiction to pass upon the claim. Among the many cases so holding are:

> *Central States Distributors, Inc., etc.* vs. *State*, 11 C. C. R. 417.
> *Baum Packing Co.* vs. *State*, 11 C. C. R. 610.
> *Knowlton Co.* vs. *State*, 11 C. C. R. 617.
> *Madera Wineries & Distilleries, et al* vs. *State*, 11 C. C. R. 632.
> *Equitable Life Inc. Co.* vs. *State*, 12 C. C. R. 200.
> *U. S. Industrial Alcohol Co.* vs. *State*, 12 C. C. R. 326.

Claimant herein could have secured a refund of the taxes paid under the unconstitutional statute if it had followed the provisions of Chapter 127, Paragraph 172, Illinois Revised Statutes 1943 (State Bar Association Edition). By failing to avail itself of the statutory remedy, the claimant corporation has become barred from securing an award in this claim, for the reason that an adequate remedy existed in the courts of general jurisdiction.

Claimant has failed to pursue its statutory remedy, and, as the payment is based upon a set of facts and circumstances which this Court has held many times to be an inadequate basis for an award, the motion to dismiss must be allowed.

Claim dismissed.